## HOOD RUBBER PRODUCTS COMPANY v. PAT MALONE.

Western Section. November 16, 1928.

No petition for Certiorari was filed.

Lake Hays, of Memphis, for appellant.
Crabtree & Crabtree, of Memphis, for appellee.

SENTER, J. The parties will be referred to as in their original status, Pat Malone, plaintiff, and Hood Rubber Products Co., defendant.

The plaintiff sued the defendant in a Justice of the Peace Court, seeking to recover the amount alleged to be due by plaintiff for depreciation in an automobile belonging to plaintiff and used by him while a salesman in the employ of the defendant, at the rate of 2¢ per mile, on a milage of 12,355 miles. The judgment of the Justice of the Peace was for the defendant. On appeal to the Circuit Court of Shelby county the case was tried before the Circuit

Judge without the intervention of a jury, and resulted in a judgment in favor of plaintiff for the sum of $247.10, and the costs. The defendant prayed and was granted an appeal, after a motion for a new trial had been overruled, and the appeal to this court has been duly perfected and errors assigned.

Four assignments of error present the questions made on this appeal. The first is that there was no evidence to support the judgment. Second, that the court erred in overruling defendants motion for a directed verdict in its favor, made at the conclusion of the defendant's proof in chief. The third and fourth assignments of error both challenge the action of the trial judge in allowing plaintiff to introduce, over defendant's objection, verbal statements alleged to alter the terms of the written contract, and constituting alterations, additions and changes in the written contract between the parties.

It appears that the plaintiff was employed by the defendant as a traveling salesman. The contract is on a printed form, with the blank spaces filled out and signed by the parties. The contract provided that the plaintiff was to receive a salary at the rate of $175 per month, based upon a required minimum volume of sales amounting to $45,000, and a bonus in excess of that amount. The contract further provides that the employment is subject to the terms and conditions on the reverse side of the contract. The contract was dated April 1, 1926, and was to terminate March 31, 1927, but with the provision that it may be terminated at any time prior thereto by either party for any cause, or for no cause, and without advance notice of intention to terminate. It is further provided:

"Said salesman agrees that he will use no automobile on company business unless and until the same has been insured in compliance with System 62 of the Hood Rubber Products Co., which system is incorporated herein by reference.

"Said salesman will be reimbursed for traveling expenses upon presentation weekly to the branch office of traveling expense slips approved by the Manager of Footwear Sales."

It is further provided:

"This agreement and the instructions hereinbefore referred to, to constitute the entire agreement between the parties. No alteration, additions or changes except to territory shall be binding upon the company, unless made in writing and signed by the Manager of Distribution."

At the trial of the cause, the plaintiff was permitted to testify that at the time the contract was made it was agreed that he was to use his own automobile and was to receive depreciation on same

at the rate of 2¢ per mile, while the automobile was being used in the business of the defendant. This evidence was objected to by the defendant. The evidence of Mr. Malone, on this subject, was as follows:

"Q. Now,. Mr. Malone, what were the traveling expenses which were to be paid by the company? A. The traveling expenses taken in all of the expenses that was necessary, or money spent while out in the territory calling on your trade. That is, all money spent for the necessary traveling expenses, hotel bills, railroad fare, if you had any, which I did not, because I was on my car, and I think that constitutes that contract.

"Q. Did the company—A. (interrupting) And automobile expenses of course.

"Q. Did the company furnish you an automobile? A. No, sir.

"Q. Did you use your own? A. I used my own car.

"Q. What arrangement did the company have with reference to reimbursing you for the use of your automobile? A. For the term of this contract—may I—will the court permit me to relate just an incident leading up to this contract? In other words, the contract of the year preceding.

"Mr. Hays: I object to that, if your Honor please. We are standing on this contract, and what took place the year preceding, or the year after, has got nothing whatever to do with the contract on which this suit is based.

"The Court: I think that objection is well taken. Just state what was asked you at this time, Mr. Malone. A. This contract was made with Mr. Barrie, not only the contract we have here, but a verbal or oral contract that we made in regard to car deterioration or the expense of operating my automobile,—that, in the event I used my car in the service of the company, that they would pay me, or defray the operating expenses like gas and oil and small repairs, and I was to receive at the end of the year or before in the event that I needed and decided to buy a new car, 2¢ a mile for deterioration, paid to me in a lump sum.

"Mr. Hayes: If the court please, we object to that, because there is no stipulation in the contract to that effect at all, none whatever, except the territory, shall be binding on the company unless made in writing and signed by the Manager of Distribution."

The court overruled the objection, stating that on the reverse side of the contract there was a provision with reference to the expense account, etc.

Mr. Malone was also permitted to introduce the following letter, dated April 1, 1926, addressed to Mr. Pat Malone:

"In accord with my conversation I am attaching you herewith expense forms which you will use commencing Monday, April 5. These expense reports are to be rendered in duplicate. You are to mail them every Saturday night. We will mail expense check on Monday to your Wednesday address, which please give us underneath your signature. I am sending you six of these forms which will last you three weeks, and additional supply will be in your hands before the end of that period.

"I believe these reports are self-explanatory and that you will not need any additional explanation thereof. But, if there is anything you do not understand, please let us have your questions by return mail, and Don't Guess."

"As to bills for small repairs, you will attach the garage bill showing what these cover.

"There is only one thing more I want to say and that is you know that the very favorable proposition that we have given you is dependent upon your cooperation in keeping your expense at a reasonable amount, saving a dollar whenever you can as that is absolutely necessary for the continuance of this proposition.

"Please don't neglect to give us your milage for each day as this is necessary in order to set up the depreciation account for your car. We are also attaching your copy of the agreement herewith.

"With very best wishes, we are,

"Yours very truly,

"Hood Rubber Products Co., Inc.

"J. S. Barrie, Mgr."

"JSB:HVH

"ENCL."

This letter was objected to by the defendant because it did not contain the signature in writing of J. S. Barrie, but was signed in typewriting. The court overruled the objection, and there is no assignment of error on that question.

Under the assignments of error it is contended by appellant that the evidence of Mr. Malone with reference to the parol agreement on the subject of allowance for depreciation of automobile was not competent, being within the rule against the admissibility of evidence which tends to alter, change or vary the terms of a written contract.

We do not think that this contention can be sustained. The contract made specific provision for the payment by defendant of the expenses, including traveling expenses of plaintiff while he was in

the employ of the defendant. The contract did not provide in specific language just what items of expense would be paid. This evidence made the basis of the assignments of error, does not alter or change any of the provisions of the written contract. It only goes to explain what items of expense would be allowed and paid by the defendant. The letter bears the same date as the contract and was mailed by the sales manager, J. S. Barrie, of the defendant. This letter specifically recognizes that the defendant understood that the plaintiff was to use his own car while in the services of the defendant, and that the defendant was to pay for the gasoline, oil, small repairs and also was to allow mileage on the car by way of depreciation. This letter was mailed to the plaintiff with the contract of employment, and was the interpretation of the contract on the subject of expense given it by the defendant. Parol contemporaneous evidence is admissible for the purpose of explaining the terms of the written contract, especially where there is not a definite statement in the written contract covering the subject. While the general rule is that parol evidence is not admissible to contradict a written agreement and will not be admitted for that purpose (Bedford v. Flowers, 11 Hump., 242; Ellis v. Hamilton, 4 Sneed, 512; Bryan v. Hunt, 4 Sneed, 544; Stewart v. Ins. Co., 9 Lea, 14), however, this rule does not apply in cases where the parol evidence in no way contradicts or alters the terms of the written contract. (Betts v. Demumbrume, Cooke, 48; Leinau v. Smart, 11 Hump., 308; Cobb v. Wallace, 5 Cold., 539; Van Lear v. Spain, 6 Hump., 104; McGannon v. Farrell, 141 Tenn., 632).

We think this evidence is competent. It results that the assignments of error are overruled and the judgment is affirmed. Judgment will be entered here in favor of plaintiff, Pat Malone, and against the defendant, Hood Rubber Products Company, and sureties on the appeal bond for the amount of the judgment below with interest thereon since its rendition and the cost of the case, including the cost of this appeal.

Owen and Heiskell, JJ., concur.